UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-00098-MRA-MAR | Date | August 9, 2024 |
|---|---|---|---|
| Title | Xavier Maldonado et al. v. BPS Direct LLC et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING MOTION TO DISMISS OR TRANSFER VENUE AS MOOT [ECF 13]**

Before the Court is Defendants' Motion to Dismiss or, In the Alternative, to Transfer Venue (the "Motion"). ECF 13. Pursuant to this Court's Reassignment Order, Defendant's Motion was taken under submission without oral argument. ECF 18 ¶ 6; *see* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DISMISSES** Plaintiff's Complaint with leave to amend.

## I. BACKGROUND[1]

On November 21, 2023, Plaintiffs Xavier Maldonado, Justin Purser, and Christopher Butler, on behalf of themselves and all other similarly situated California residents, filed this action against Defendants BPS Direct, LLC, Cabela's LLC, Great Outdoors Group, LLC, Bass Pro Outdoor World, LLC, and Cabela's Wholesale, LLC (collectively "Bass Pro" or "Defendants"), and Does 1 through 100 in Los Angeles County Superior Court. ECF 1-1. On January 4, 2024, Defendants removed this case to federal district court based on diversity jurisdiction. ECF 1. Plaintiffs allege that Defendants violated California's Yelp Law, Cal. Civ. Code § 1670.8, and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, by requiring consumers to abide by Terms of Use ("TOU") that limit consumers' ability to make certain statements about Defendants on Defendants' websites. ECF 1-1.

[1] The factual background is described as alleged in Plaintiff's Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. NEA*, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00098-MRA-MAR | Date | August 9, 2024 |
| Title | Xavier Maldonado et al. v. BPS Direct LLC et al. | | |

Bass Pro designs, conducts research, manufactures, tests, advertises, promotes, markets, sells, and distributes consumer products through its websites, which target and are accessible to California citizens. *Id.* ¶ 16. Plaintiffs allege that Bass Pro engaged in an intentional business strategy to silence customers or potential customers who visit Bass Pro websites by purporting to bind users to TOU immediately upon accessing any of its websites. *Id.* ¶ 18. Bass Pro websites include TOU that provide that, "[b]y accessing the Site . . . [y]ou agree and warrant that you shall not distribute, submit or publish any content that is, or may reasonably considered to be . . . insulting to any individual, partnership or corporation." *Id.* ¶ 19. The TOU also provide that "Bass Pro reserves the right to immediately terminate your account without further notice in the event that, in its judgment, you violate these [TOU]." *Id.* ¶ 20. Bass Pro sells "at least hundreds of thousands of products" to consumers through its websites. *Id.* ¶ 21. Therefore, the TOU "purport[] to forbid any California consumers who have purchased, will purchase, or are [] considering purchasing products from Bass Pro through its Websites from making . . . 'insulting' statements about Bass Pro itself, any of its partners, any of its employees, any of its agents, and any of its goods or services." *Id.* ¶ 22.

According to the Complaint, named Plaintiffs and proposed class members are California residents who visited, used, or completed sales transactions on Bass Pro websites and who were subject to the websites' TOU. *Id.* ¶ 26. Plaintiffs advance two claims. *First*, that Bass Pro's TOU violate the California Yelp Law, which provides that a "contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, concerning the goods or services," and that "[i]t shall be unlawful to threaten or seek to enforce a provision made unlawful under this section, or to otherwise penalize a consumer for making any statement protected under this section." *Id.* ¶ 4. They allege that Bass Pro's "chilling activity" is the "precise conduct prohibited by Section 1670.8"—*i.e.*, it is "aimed to stifle California consumers' right to free speech, and the right of the California public to hear lawful discourse." *Id.* ¶¶ 6-7. *Second*, by engaging in this chilling conduct, Bass Pro "acted in a manner that is unlawful and unfair—including by virtue of the fact that their conduct violates California Civil Code section 1670.8[.]" *Id.* ¶ 57. Bass Pro's "unfair and unlawful business practices" have been to the "detriment of Plaintiffs and Subclass members, and are prohibited under California Business and Professions Code sections 17200, et seq." *Id.*

On February 9, 2024, Defendants filed the instant Motion. ECF 13. They argue that Plaintiffs lack statutory standing to bring their claims and otherwise fail to allege plausible claims under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 12-20. In the alternative, Defendants argue that the Court should transfer the case to the United States District Court for the Western District of Missouri, based on the forum selection clause included in the Bass Pro websites' TOU. *Id.* at 21. Plaintiffs timely opposed the Motion. ECF 19.

## II. DISCUSSION

Defendants argue that Plaintiffs lack statutory standing to bring their claims because Plaintiffs fall outside the "zone of interests" that the Yelp Law was enacted to protect. *Id.* at 12 (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) ("[A] statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked.")). Before addressing whether a plaintiff has standing to sue under a particular statute, the Court must first confirm that Plaintiffs "ha[ve] suffered sufficient injury to satisfy the 'case or controversy' requirement of Article III." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004); *United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." (internal quotation and citation omitted)); *Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 868 (9th Cir. 2002) (federal courts "are required sua sponte to examine jurisdictional issues such as standing" (internal quotation marks and citation omitted)). "Standing is an essential component of the case or controversy requirement of Article III, § 2 of the United States Constitution." *Am. Civ. Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) (internal quotation marks and citation omitted). "The existence of Article III standing is not subject to waiver." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citing *Hays*, 515 U.S. at 742).

To have standing to bring a claim in federal court, Plaintiffs must show: (1) an "injury in fact," (2) "causation," and (3) "a likelihood that a favorable decision will redress the plaintiff's alleged injury." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). To meet the first element of Article III standing, a Plaintiff must allege an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. (citing *Lujan*, 504 U.S. at 560-61). "Only those plaintiffs who have

been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).

In cases that implicate the freedom of speech, the requirements for alleging a "concrete injury" are relaxed. In such cases, an injury in fact may be shown "by 'demonstrat[ing] a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.'" *Lopez*, 630 F.3d at 785 (quoting *Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm[.]" *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). However, "[i]t is sufficient for standing purposes that the plaintiff intends to engage in 'a course of conduct arguably affected with a constitutional interest' and that there is a credible threat that the challenged provision will be invoked against the plaintiff." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154-55 (9th Cir. 2000) (quoting *Babbit*, 442 U.S. at 298).

The Yelp Law provides that a "contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the consumer's *right to make any statement* regarding the seller or lessor or its employees or agents, or concerning the goods or services." Cal. Civ. Code § 1670.8 (emphasis added). Furthermore, under the Yelp Law, sellers or lessors may not "threaten or [] seek to enforce a provision made unlawful under this section, or [] otherwise penalize a consumer for making any statement protected under this section." *Id.* The Yelp Law concerns free speech rights that are analogous to rights traditionally protected under the First Amendment's speech clause, U.S. Const. Amend. I, and therefore the relaxed First Amendment Article III standing requirements similarly apply here. *See* Order Remanding Case to State Court, *Pulbrook v. Nationwide Mut. Ins. Co.*, No. 24-cv-00469-MMC, (N.D. Cal. May 22, 2024) (finding same); Order re Defendant's Motion to Dismiss or Alternatively to Transfer Venue, *Sweeney v. Paramount Glob.*, 2:24-cv-00708-JAK-RAO (C.D. Cal. July 19, 2024) (finding same).

Nevertheless, Plaintiffs' allegations fail to satisfy even the relaxed Article III standing requirements.[2] Plaintiffs allege that they "visited, used, or completed sales transactions on" Bass Pro's websites. ECF 1-1 ¶¶ 11-13. And the TOU include a threat of penalty: that Bass Pro "reserves the right to immediately terminate" the account of an individual who violates its Terms, including by leaving "insulting" comments about Bass Pro or its partners. ECF 1-1 ¶¶ 6, 22. But Plaintiffs do not make any allegations that establish a concrete injury that *they* suffered because of these TOU. They do not allege, for example, that they read the TOU and refrained from posting comments on Bass Pro's websites as a result, or other facts showing that their speech was chilled by the TOU. Indeed, Plaintiffs do not allege that they left or sought to leave comments on Bass Pro's websites, or that they had accounts with Bass Pro's websites, such that they had the ability to leave a comment on the website and could thus be *subject* to the injury threatened in the TOU (termination of their account). They also do not allege that they declined to register for an account because of the TOU. In short, they do not allege that they suffered any *concrete injury*, even under the more flexible standing requirements for speech-related claims. *See* Order Remanding Case to State Court, *Pulbrook*, No. 24-cv-00469-MMC (finding no Article III standing because nothing in plaintiffs' complaint "suggest[ed] plaintiffs have left comments that would violate the Terms, that they intend to leave any comment that would violate the Terms in the future, or even that they intend to use the Site again").

Plaintiffs' UCL claim is derivative of their Yelp Law claim. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Under the "unlawful" prong of the UCL, "section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Ramirez v. C and J Well Serv., Inc.*, No. CV 20-535 PSG (SS), 2020 WL 5846464, at *7 (C.D. Cal. Mar. 27, 2020) (quoting *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008)). Therefore, because Plaintiffs lack standing to bring their Yelp Law claim, they similarly lack standing to bring their UCL claim.

[2] On June 3, 2024, Plaintiffs filed a Notice of Supplemental Authority with a copy of the Order Remanding Case to State Court in *Pulbrook*, 24-cv-00469-MMC, seemingly in support of the position that they lack Article III standing. ECF 27.

Because Plaintiffs fail to adequately plead Article III standing, the Court dismisses Plaintiffs' Complaint with leave to amend. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."). When a district court finds that it lacks subject matter jurisdiction over a plaintiff's complaint for want of Article III standing, "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint . . . further particularized allegations of fact deemed supportive of plaintiff's standing." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Accordingly, the Court grants Plaintiffs leave to amend their Complaint to provide them the opportunity to more specifically allege facts that show they have been concretely injured by Defendants' TOU, and thus have Article III standing to bring their claims.

As a result, the Court defers consideration of any issues presented in Defendants' Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, to Transfer Venue, ECF 13, because in the absence of Article III standing—and so subject matter jurisdiction over this case—"any ruling would be advisory." *In re Apple iPhone Antitrust Litigation*, 846 F.3d 313, 320 (9th Cir. 2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 (1998)).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint is **DISMISSED** for lack of subject matter jurisdiction with leave to amend. *See* Fed. R. Civ. P. 12(b)(1). Accordingly, Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, to Transfer Venue, ECF 13, is **DENIED** as moot. Plaintiffs shall have 21 days from the date of this Order to file an amended complaint. If Plaintiff chooses not to file an amended complaint, this matter shall be remanded to State court for further proceedings.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga